UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| KEVANTE LOVING, | ) |
| Plaintiff, | ) ) ) **FIRST AMENDED COMPLAINT** |
| -against- | ) ) **JURY TRIAL DEMANDED** |
| TROOPER PATRICK PORTEUS, and JOHN DOE, and JANE DOE, | ) **CIVIL ACTION  No. : 24-CV-5789** |
| Individually | ) |
| And as Employees of the State of New York, | ) ) ) ) ) ) |
| Defendants. | ) ) |

_____

Plaintiff, Kevante Loving, by and through his attorney, Ryanne Konan, hereby affirms to the best of his knowledge, under the pains and penalties of perjury , as and for his Complaint in this action against the Defendants Trooper Porteus, John Doe and Jane Doe as follows:

## NATURE OF CLAIMS

1. Plaintiff in the above captioned matter was a victim of false arrest , unreasonable search and seizure , when the New York State Police Troopers Patrick Porteus, John Doe, pulled over Plaintiff's vehicle on July 24,2024 around 7:15 p. m on Innis Avenue, Poughkeepsie, New York, without probable cause that Plaintiff who was the driver, had committed an offense or traffic violation. Officer Porteus, John Doe and Jane Doe continued the stop by ordering Plaintiff to produce his identification thereby searching Plaintiff's papers, and ordering Plaintiff out of the car, searching the car. The officer defendants never issued a traffic ticket violation to Plaintiff, who confronted the officers and told the officers that he did not give them any consent.

1

2. Accordingly, this action is brought to remedy a violation of the Fourth and Fourteenth Amendment of the United States Constitution through 42 U.S. 1983.

## JURISDICTION AND VENUE

3. This action arises under the Fourth, and Fourteenth Amendments to the United States Constitution through 42 U.S.C. §§ 1983 .

4. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1343(a)(3) and (4), and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

6. Kevante Loving is African American, a citizen of United States residing in the State of New York.

7. Defendant Trooper Patrick Porteus was a New State Trooper at the time of the incident and upon information and belief, a citizen of New York. Trooper Patrick Porteus had an office at 18 Middlebush Rd, Wappingers Falls, NY 12590.

8. Defendant John Doe was a was a New State Trooper at the time of the incident and upon information and belief, a citizen of New York. Trooper John Doe had an office at 18 Middlebush Rd, Wappingers Falls, NY 12590.

9. Defendant Jane Doe was a was a New State Trooper at the time of the incident and upon information and belief, a citizen of New York. Trooper Jane Doe had an office at 18 Middlebush Rd, Wappingers Falls, NY 12590.

## **FACTUAL ALLEGATIONS**

10. Plaintiff, Kevante Loving, was the owner of a Mercedes registered in New York. On July 24, 2024, after work, around 7:15 pm, Plaintiff Kevante Loving, who is African American, was driving on Innis Avenue, Poughkeepsie, New York, when he was pulled over by Trooper John Doe for no apparent reasons. While pulled over, Trooper Porteus came as back up, and ordered Plaintiff to get out of his vehicle. Plaintiff asked why he had to get out of his vehicle while he did not do anything wrong, and for an unlawful stop.

11. The officers made Plaintiff get out of his car, and started searching the whole interior of vehicle, then trunk and the hood of the vehicle. The troopers brought in the Canine Unit, and did another search of Plaintiff's car. The entire search lasted more than an hour and half during which Plaintiff was not authorized to leave.

12. The officers did not issue a traffic violation ticket to Plaintiff, and repeatedly told Plaintiff that everything was recorded. The troopers did not want to leave a trace of the stop.

### **FOR THE FIRST CAUSE OF ACTION BASED ON FALSE ARREST**
42 U.S.C. § 1983
(Against all Defendants)

13. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1-12 of this Complaint with the same force and effect as if fully set forth herein.

14. By its acts and practices described above, Defendants deprived Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of rights guaranteed by the Fourth, and Fourteenth Amendments to the United States Constitution, by, *inter alia* : false arrest , and unreasonable search and seizure thereby causing Plaintiff serious emotional harm, humiliation, deprivation of liberty, and legal expenses, made actionable by 42 U.S.C. § 1983.

15. That all times herein after mentioned Defendants wrongfully and intentionally detained and falsely arrested Plaintiff, and searched Plaintiff in his papers , vehicle at the initial stopped, and the duration of the stop which lasted about an hour and 30 minutes on Innis Avenue, Poughkeepsie, New York.

16. That the officers were not investigating any crime or looking for suspects for a crime.

17. That Plaintiff was merely driving his vehicle, and had not committed any crime.

18. That Plaintiff was free to go, and did not have to provide any document to the officers.

19. That Plaintiff had not committed any traffic violation.

20. That Plaintiff did not consent to a search to his person nor did he consent to the consent of his vehicle.

21. That the initial stop was without probable cause.

22. That Plaintiff had not committed any offense that would justify the initial stop.

23. That Plaintiff had an expectation of privacy in his documents and personal papers, and his vehicle.

24. That the driver had not committed any offense or traffic violation that would justify the initial stop.

25. That Plaintiff had not committed any offense that would justify the search of his vehicle with the dogs for over an hour.

26. That the officer defendants pulled the car over because the officers noticed a black man driving a Mercedes.

27. That the officers intended to pull the vehicle over.

28. That the officers initiated the traffic stop.

29. That Officers were in a marked police car with sirens on.

30. That Officer Porteus, and Officer John Doe and Jane Doe contributed to Plaintiff's arrest.

31. That the stop continued for about an hour and half minutes.

32. That Officer Porteus, and Officer John Doe and Jane Doe got the Plaintiff out of his vehicle, ordered plaintiff to not move, and searched Plaintiff's car.

33. That Officer Porteus, and Officer John Doe and Jane Doe searched the interior of the vehicle, the trunk and the hood thereof.

34. That Plaintiff was conscious of the confinement, and Plaintiff did not consent to the confinement. Plaintiff protested, and stated that he did not do anything wrong, and that he was not a criminal, and asked the officers the reason he was pulled over.

35. That the confinement was not otherwise privilege.

36. That the confinement continued when Plaintiff was asked to provide his identification, and his papers were searched by Trooper Porteus, John Doe and Jane Doe.

37. That the confinement continued when Defendants asked Plaintiff to stand outside his car while they were searching his vehicle.

38. That the confinement lasted about one and half hour.

39. That the officers acted extra judicially.

40. That the confinement concerning the continuation of the initial stop was not privilege.

41. That Plaintiff's arrest was unlawful.

42. That the officers exercised control over Plaintiff.

43. That Plaintiff was not free to leave.

44. That Plaintiff was seized within the meaning of the Fourth Amendment of the Constitution of the United States.

45. The wrongful, unjustifiable, and unlawful apprehension, detention, imprisonment of Plaintiff was carried out without a warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion that Plaintiff had or was about to commit a crime, in violation of the rights guaranteed to Plaintiff under the Fourth and Fourteenth Amendment of the United States Constitution.

46. That the Officer Defendants deprived Plaintiff of the constitutional rights secured by the Fourth and Fourteenth Amendment made actionable under 42 U.S.C. § 1983, and took numerous overt steps in furtherance of such deprivation without probable cause.

47. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

48. In taking the actions complained of in the foregoing paragraphs, the officer defendants acted under pretense, and color of state law, in their individual and official capacities, and within the scope of their respective employments as New York State Police Officers.

49. As a direct and proximate result of Defendants' false arrest, Plaintiff has suffered reputational injury, attorney's fees, and severe emotional harm.

50. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

   **WHEREFORE**, the Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### FOR THE SECOND CAUSE OF ACTION BASED ON UNREASONABLE SEARCH AND SEIZURE
42 U.S.C. § 1983
(Against all Defendants)

51. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 13-50 of this Complaint with the same force and effect as if fully set forth herein.

52. By its acts and practices described above, Defendants deprived Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of rights guaranteed by the Fourth, and Fourteenth Amendments to the United States Constitution, by, *inter alia* : unreasonable search and seizure thereby causing Plaintiff serious emotional harm, humiliation, deprivation of liberty, and legal expenses, made actionable by 42 U.S.C. § 1983.

53. That Officer Defendants ordered and threatened Plaintiff driver to produce his identification, and to get out of his car.

54. That the Officer Defendants seized Plaintiff's identification, and verified Plaintiff's identification and personal information through a police computer.

55. That the Officer Defendants searched Plaintiff's vehicle for about an hour and half.

56. That Plaintiff had an expectation of privacy in his documents, papers and vehicle.

57. That Plaintiff's was the driver and did not commit any traffic violation.

58. That Officer Porteus, and Officer John Doe and Jane Doe seized and searched Plaintiff's documents and papers and entire vehicle.

59. That Officer Porteus, and Officer John Doe and Jane Doe did not have probable cause to seize and search Plaintiff, Plaintiff's papers and Plaintiff's vehicle.

60. That Officer Porteus, and Officer John Doe and Jane Doe violated Plaintiff's Fourth Amendment Rights under the United State Constitution.

61. That the search and seizure were not otherwise privilege.

62. That Plaintiff's vehicle, and documents were searched and seized without a warrant by the officer Defendants.

63. That the officers acted extra judicially.

64. That Officer Porteus, and Officer John Doe and Jane Doe acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are guilty of egregious and gross misconduct towards Plaintiff.

65. That Officer Porteus, and Officer John Doe and Jane Doe acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as City of Albany Police Officers. Said acts were beyond the scope of their employment, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by the New York State Constitution and the United States Constitution.

66. As a direct and proximate result of Defendants' search and seizure , Plaintiff has suffered reputational injury, attorney's fees, severe emotional harm , abuse and anxiety.

67. As a direct and proximate result of the misconduct and abuse of authority alleged in detail above, Plaintiff sustained the damages alleged herein.

    **WHEREFORE**, the Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows :

a) Awarding compensatory damages for all physical and emotional distress, anxiety, humiliation, injury to reputation, emotional harm, pain and suffering, and other grievous harm;

b) Awarding compensatory damages for all economic loss in an amount to be determined at trial;

c) Awarding punitive damages in an amount to be determined at trial; and

d) Granting pre-and post-judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems necessary and proper.

## JURY TRIAL DEMAND

A jury trial is hereby demanded on all issues.

Dated:  At Wappingers Falls, New York
          July 30, 2024

By: *ryanne konan*

Ryanne Konan, Esq.
4 Marshall Road, Suite 248
Wappingers Falls, NY 12590
Tel: (888) 536-1434
Fax: (845) 231-0508