UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KEVANTE LOVING,

Plaintiff,

- against -

**OPINION & ORDER**

No. 24-CV-5789 (CS)

TROOPER PATRICK PORTEUS, and TROOPER PETER VITI, and TROOPER EDWARD REISER, Individually and as Employees of the State of New York,

Defendants.
-----------------------------------------------------------x

Appearances:

Ryanne Konan
Ryanne Konan Law Office and Legal Services
Wappingers Falls, New York
*Counsel for Plaintiff*

Wesley E. Bauman
Assistant Attorney General
New York, New York
*Counsel for Defendants*

Seibel, J.

Before the Court is Plaintiff's motion for reconsideration pursuant to Federal Rules of Civil Procedure 60(b)(1) and (2). (ECF No. 60.) For the following reasons, Plaintiff's motion is DENIED.

## I. **BACKGROUND**

The Court assumes familiarity with the facts and procedural history of the case, as set forth in its June 22, 2026 Opinion & Order on Defendants' motion for summary judgment. *See Loving v. Porteus*, No. 24-CV-5789, 2026 WL 1785287 (S.D.N.Y. June 22, 2026) (the "Opinion"). In short, on August 1, 2024, Plaintiff Kevante Loving filed suit against New York

State Trooper Patrick Porteus and two John Doe Defendants, later identified as New York State Troopers Peter Viti and Edward Reiser, asserting claims under 42 U.S.C. § 1983 for false arrest and unreasonable search and seizure. (*See* ECF No. 4.) Specifically, Plaintiff alleged that Defendants violated his Fourth and Fourteenth Amendment rights by initiating a traffic stop of his vehicle without reasonable suspicion; unreasonably prolonging the stop, including through a dog sniff of his vehicle without reasonable suspicion; and searching his vehicle without probable cause. (*See generally id.*; ECF No. 15.)

On June 22, 2026, I granted Defendants' motion for summary judgment. *See generally Loving*, 2026 WL 1785287. On June 28, 2026, Plaintiff filed his motion for reconsideration. (ECF No. 60.) On July 13, 2026, Defendants filed their opposition. (ECF No. 64.) On July 20, 2026, Plaintiff filed his reply. (ECF No. 65.)

## II. <u>LEGAL STANDARD</u>

"Rule 60 concerns relief from a final judgment, order or proceeding . . . ." *Shekhem El v. Hiller*, No. 24-CV-730, 2026 WL 579193, at *1 (S.D.N.Y. Feb. 27, 2026).[1] Rule 60(b) provides, in pertinent part, that a court may provide such relief based on "(1) mistake, inadvertence, surprise, or excusable neglect; [or] (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b). Such motions must be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, citations, alterations and footnotes.

"Rule 60 is intended to preserve a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time." *Lewis v. Newburgh Hous. Auth.*, No. 11-CV-3194, 2022 WL 17177967, at *4 (S.D.N.Y. Nov. 23, 2022). In striking this balance, "'[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances.'" *Blinkoff v. City of Torrington*, No. 21-CV-1516, 2025 WL 2532707, at *1 (D. Conn. Sept. 3, 2025) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)), *appeal filed*, No. 25-2345 (2d Cir. Sept. 29, 2025). The party seeking relief from the prior judgment has the burden of proof, *see Int'l Bhd. of Teamsters*, 247 F.3d at 391, and the standard that party must meet is onerous, *see Waske v. Lehman Bros. Holdings Inc.*, No. 20-CV-5083, 2023 WL 348135, at *1 (S.D.N.Y. Jan. 19, 2023). Rule 60 "is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Edwards v. Rochester Inst. of Tech.*, No. 10-CV-6553, 2018 WL 3017094, at *1 (W.D.N.Y. June 18, 2018) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012)), *aff'd,* 794 F. App'x 65 (2d Cir. 2019) (summary order).

## III. **DISCUSSION**

Plaintiff argues that new evidence undermines Defendants' credibility and the Court's decision granting summary judgment. (ECF No. 62 ("P's Mem.") at 3.) Because Plaintiff argues that new evidence serves as the basis for his motion, the Court construes Plaintiff's motion as one for reconsideration under Rule 60(b)(2). (*See id.* at 6 (citing Rule 60(b)(2).) In order for the Court to award relief under Rule 60(b)(2),

> a movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have

> changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*Shekhem El*, 2026 WL 579193, at *2; *see Castro v. Bank of N.Y. Mellon*, 852 F. App'x 25, 29 (2d Cir. 2021) (summary order).

The evidence upon which Plaintiff relies is another court's opinion in a different case involving two of the Defendants, Troopers Reiser and Porteus: *People v. Desronvil*, 244 N.Y.S.3d 475, 2025 WL 3293170 (Cnty. Ct. Nov. 24, 2025) (unpublished table decision). (ECF No. 61-1.) There, after a hearing, the court determined that the two troopers prolonged a traffic stop to manufacture founded suspicion to search a vehicle, found aspects of their testimony were not credible, and ordered suppression of the evidence that resulted from the search. (*See id.*; P's Mem. at 3-5.)

Even if the decision in *Desronvil* had any bearing on the facts of this case, it would not be considered newly discovered evidence sufficient to warrant relief under Rule 60(b)(2). The *Desronvil* decision was issued in November 2025, and Plaintiff could have discovered it with due diligence before Plaintiff filed his opposition to Defendants' motion for summary judgment in January 2026 and before the Court issued the Opinion in June 2026. Although Plaintiff argues that he could not have discovered *Desronvil* because it was rendered after discovery closed and it was not disclosed to him, (P's Mem. at 3, 7),[2] the decision was publicly available online on databases like LexisNexis, which is where Plaintiff eventually obtained it, (*see* ECF No. 61-1). "Publicly available information cannot constitute newly discovered evidence," *Int'l Ctr. for Tech. Assessment v. Leavitt*, 468 F. Supp. 2d 200, 207 (D.D.C. 2007); *see Ramos v. Matke Realty, Ltd.*, No. 98-CV-3582, 1999 WL 61437, at *3 (S.D.N.Y. Feb. 4, 1999) ("Evidence that is

[2] Plaintiff does not explain what would have obligated Defendants to disclose the *Desronvil* decision.

contained in the public records at the time of the initial judgment cannot be considered newly discovered evidence."); *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 08-CV-335, 2010 WL 4314271, at *2 (S.D. Cal. Oct. 26, 2010) ("Readily available public information typically cannot constitute newly discovered evidence within the meaning of Rule 60(b)(2)."), because a diligent plaintiff cannot be justifiably ignorant of such information. Further, *Desronvil* does not constitute newly discovered evidence merely because the decision was rendered after the close of discovery. Because that decision was publicly available months before the Court issued the Opinion (and even before Plaintiff submitted his opposition), he cannot show that he was incapable of presenting it before judgment was entered, and it is not new evidence within the meaning of Rule 60(b)(2). *See Boule v. Hutton*, 328 F.3d 84, 95 (2d Cir. 2003) ("Rule 60(b)(2) provides relief when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation."); *TAL Props. of Pomona, LLC v. Vill. of Pomona*, No. 17-CV-2928, 2019 WL 3287983, at *6 (S.D.N.Y. July 22, 2019) ("[I]f the movant possessed or could have possessed the evidence before judgment was rendered, it is not newly discovered and does not entitle the movant to relief from judgment."); *Vector Cap. Corp. v. Ness Techs., Inc.*, No. 11-CV-6259, 2012 WL 1948822, at *10 (S.D.N.Y. May 24, 2012) (emails that became available after briefing and argument were not new evidence within meaning of rule because they were available before court's decision).

Further, Plaintiff characterizes the allegedly newly discovered evidence as "impeachment evidence." (P's Mem. at 3; *see id.* at 6-7.) But, as mentioned, to qualify as newly discovered evidence under Rule 60(b)(2), the evidence must not be merely impeaching. *See Shekhem El*, 2026 WL 579193, at *2; *see also United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 395 (2d Cir. 2001) ("[O]rdinarily, newly discovered evidence that merely goes to impeachment of a

witness is not grounds for a new trial."). Because Plaintiff has represented that he would use the evidence to impeach Defendants at trial, (P's Mem. at 6), and has offered no other basis for its admissibility, it cannot qualify as "newly discovered evidence." Thus, Plaintiff has not met his burden to show that this evidence warrants relief under Rule 60(b)(2).

Plaintiff also argues that the Court improperly relied on Defendants' credibility. (P's Mem. at 3, 6-7.) "Mistake" under Rule 60(b)(1) includes a judge's mistake, *Kemp v. United States*, 596 U.S. 528, 534 (2022), and thus a Rule 60(b)(1) motion "allows a district court to correct its own legal errors," *Munn v. APF Mgmt. Co., LLC*, No. 19-CV-10791, 2021 WL 2355308, at *2 (S.D.N.Y. June 9, 2021). But Plaintiff has not pointed out any legal error. Although Plaintiff argues that I erroneously relied on Defendants' credibility, that is not the case. Rather, I noted that Trooper Reiser's testimony that the K-9 alerted was uncontradicted. *See Loving*, 2026 WL 1785287, at *10-12. As explained in the Opinion, a Court may grant summary judgment where the non-moving party offers no evidence to counter the testimony of an interested witness or otherwise create a genuine issue of material fact. *See id.* at *11; *Bassi v. N.Y. Med. Coll.*, No. 19-CV-7542, 2023 WL 2330478, at *10 n.4 (S.D.N.Y. Mar. 2, 2023), *aff'd*, No. 23-278, 2024 WL 3717317 (2d Cir. Aug. 8, 2024) (summary order); *Keeney v. Brinkman*, No. 16-CV-167, 2019 WL 580586, at *2 (W.D.N.Y. Feb. 13, 2019). Plaintiff still has not offered any non-speculative evidence to contradict Trooper Reiser's testimony that K-9 Dunn alerted. To the extent that Plaintiff points to *Desronvil* as that evidence, it does not contradict Trooper Reiser's testimony as to whether K-9 Dunn scratched in this case.[3] And, as explained in the Opinion, "Plaintiff's hope that the jury might disbelieve Trooper Reiser's testimony does not

---

[3] In *Desronvil*, K-9 Dunn's alert by scratching the car was captured on body camera footage. *See Desronvil*, 2025 WL 3293170, at 3.

create an issue of fact." *Loving*, 2026 WL 1785287, at 11 (first citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986); then citing *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 542, 553 (E.D.N.Y. 2012); and then citing *Brawner v. Allstate Indem. Co.*, No. 07-CV-482, 2008 WL 2157011, at *3 (E.D. Ark. May 21, 2008)); *cf. Walker v. City of N.Y.*, 638 F. App'x 29, 31 (2d Cir. 2016) ("[I]t is hornbook law that a plaintiff does not carry his burden of proving a fact merely by having witnesses deny that fact and asking the jury to disbelieve their denials."). Because the impeachment evidence would not change the outcome on Defendants' motion for summary judgment, it does not warrant relief under Rule 60(b)(1) or (2). *See Shekhem El*, 2026 WL 579193, at *2 (under Rule 60(b)(2) evidence must have been "of such importance that it probably would have changed the outcome"); *Thatcher v. Lamanna*, No. 17-CV-4540, 2020 WL 1047087, at *2 (S.D.N.Y. Mar. 4, 2020) ("To prevail on a Rule 60(b)(1) motion based on mistake, the moving party must establish the court made a material mistake that changed the outcome of the Court's judgment.").

Accordingly, Plaintiff has not met his burden to show that he is entitled to relief under Rule 60(b).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 60).

**SO ORDERED.**

Dated: July 23, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.